UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
JAMAR BLACKSHEAR,                   :
                                    :
        Petitioner,                 :   Civ. No. 17-712 (NLH)
                                    :
    v.                              :   OPINION
                                    :
WARDEN DAVID ORTIZ,                 :
                                    :
        Respondent.                 :
_____ :

APPEARANCES:
Jamar Blackshear
67023-066
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640
    Petitioner Pro se

HILLMAN, District Judge

	Petitioner Jamar Blackshear, a prisoner confined at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey, filed a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.) Because he failed to name a proper respondent and failed to submit the filing fee or an in forma pauperis application, the Court administratively terminated this matter. (ECF Nos. 2, 3.) Petitioner thereafter submitted the filing fee and an Amended Petition. (ECF No. 4.) At this time, the Court will review the Amended Petition pursuant to Rule 4 of the Rules

Governing Section 2254 Cases, (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules. See also 28 U.S.C. § 2243. For the reasons set forth below, the Amended Petition will be dismissed.

## I. BACKGROUND

Petitioner provides the following summary of his underlying federal criminal proceedings:

> On or about March 10, 2011, the United States secured a complaint and arrest warrant charging Petitioner with intent to distribute approximately 740 grams of a mixture and substance containing cocaine, in violation of 21 U.S.C. § 841(A)(1), (b)(l)(B) and 18 U.S.C. § 2; and possession, and aiding and abetting the possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 841(A)(1) and 18 U.S.C. §§ 924(c)(1) and (2). On March 14, 2011 federal authorities arrested Petitioner on the complaint and temporarily detained him. On April 13, 2011, a grand jury sitting within the United States District Court for the Eastern District of Pennsylvania returned a two-count indictment against Petitioner. The indictment alleged the same charges alleged in the March 10, 2011 complaint.
>
> On May 12, 2011 Petitioner entered a plea of not guilty of both counts in Petitioner's Indictment.
>
> On November 7, 2011, Petitioner pled guilty of both counts laid in the indictment. Under Petitioner's guilty plea agreement, Petitioner preserved the right to appeal the District Court's erroneous denial of his Motion to Suppress.
>
> On February 7, 2012, the District Court sentenced Petitioner to a sixty (60) month

> sentence on Count and a (60) month sentence of Count 2, to run consecutively to Count 1. The District Court also imposed a four (4) year term of supervised release and a special assessment of $ 200.

(Am. Pet. 2-3.) Petitioner states that he was initially arrested by the Philadelphia police and charged by the Philadelphia Commonwealth Attorney's Office, but his case was then referred to the United States Attorney's Office through a program called "Project Safe Neighborhood." (Am. Pet. 3-4.)

In his Amended Petition, Petitioner argues that "he received ineffective assistance of counsel during the Commonwealth court pretrial proceeding where counsel failed to investigate the totality of his case and discover that the Commonwealth Attorney's Office failed to adhere to Project Safe Neighborhood's criteria mandate during the commonwealth Court proceedings and inquire to the Commonwealth Court to decide whether the Commonwealth Attorney's motion for nolle prosequi (withdrawal) in bad faith." (Am. Pet. 7.) In sum, Petitioner raises various ineffective assistance of counsel claims with regard to his attorney's actions during his federal criminal proceedings.

## II. DISCUSSION

**A. Legal Standard**

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult, 708 F.3d 140, 148 n. 3 (3d Cir. 2013); see also 28 U.S.C. §§ 2243, 2255.

**B. Analysis**

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011);

4

United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." See 28 U.S.C. § 2255(e). In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251.

The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of

5

conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

The Court of Appeals for the Third Circuit subsequently emphasized the narrowness of its Dorsainvil holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  See Okereke, 307 F.3d at 120-21 (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard).  The mere fact that a claim is time barred does not render § 2255 an inadequate or ineffective remedy.  See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).

Here, Petitioner's claims do not fall into the Dorsainvil exception.  Specifically, he does not allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.  Instead, he is simply raising ineffective assistance of counsel claims, which are not properly brought in a § 2241 petition.  See Hazel v. Smith, 142 F. App'x 131, 132 (3d Cir. 2005) (per curiam)

6

("[C]laims of ineffective assistance of counsel ... place his petition squarely within the scope of § 2255. Section 2255 is not inadequate simply because AEDPA's gatekeeping restrictions prevent him from availing himself of it") (citing Cradle, 290 F.3d at 538-39; Dorsainvil, 119 F.3d at 251); Sedlak v. United States, No. 12-0285, 2012 WL 832984, at *3 (M.D. Pa. Feb. 14, 2012) ("cases construing Dorsainvil, and interpreting the interplay between the relief provided to federal prisoners under § 2255, and the remedy conferred by the writ of habeas corpus under § 2241, agree that 'Section 2241 is not available for [a federal prisoner's] ineffective assistance of counsel claim, as he has not demonstrated that Section 2255 is an inadequate or ineffective remedy'") (quoting Piggee v. Bledsoe, 412 F. App'x 443, 446 (3d Cir. 2011) (per curiam)) (other citations omitted).

Based on the foregoing, the Court finds that it lacks jurisdiction under § 2241 over the instant habeas petition. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Because it appears that the Amended Petition may be untimely if construed as a § 2255 motion, see 28 U.S.C. § 2255(f), the Court will not transfer it

7

to the Eastern District of Pennsylvania.[1]  Accordingly, the Amended Petition will be dismissed for lack of jurisdiction.

**III. CONCLUSION**

For the foregoing reasons, the Court will dismiss the Amended Petition for lack of jurisdiction.  An appropriate order follows.


Dated: October 10, 2017         s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

---

[1] Nothing in this Opinion should be construed as preventing Petitioner from filing a § 2255 motion in the Eastern District of Pennsylvania for that court's consideration in the first instance.